UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ROBERT R.,                              )
                                        )
    Plaintiff                           )
                                        )
v.                                      )    1:18-cv-00251-LEW
                                        )
SOCIAL SECURITY ADMINISTRATION          )
COMMISSIONER,                           )
                                        )
    Defendant                           )

## REPORT AND RECOMMENDED DECISION

On Plaintiff Robert R.'s application for disability insurance benefits under Title II of the Social Security Act, Defendant, the Social Security Administration Commissioner, found Plaintiff not disabled at step 1 of the sequential evaluation process. In denying Plaintiff's application, the ALJ found that in each year after Plaintiff's alleged onset date, Plaintiff's engaged in substantial gainful activity. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court affirm the administrative decision.

## The Administrative Findings

The Commissioner's final decision is the September 26, 2017, decision of the Administrative Law Judge. (ALJ Decision, ECF No. 9-2.)[1] Plaintiff alleged the onset of disability beginning September 1, 2014. In 2015, 2016, and 2017, Plaintiff fished for elvers

---

[1] Because the Appeals Council found no reason to review that decision (R. 1), Defendant's final decision is the ALJ's decision.

and caught his licensed limit of 16.8 pounds. (R. 15, 18.) In 2015, Plaintiff earned $9,869 from fishing. Because the season begins in March and ends in May, the ALJ divided the revenue by three months for an average monthly revenue of $3,289.66. (R. 18.) Plaintiff's revenue in 2016 is not established on the record, though he did catch his limit. In 2017, Plaintiff again caught the limit and the market price Plaintiff received for elvers ranged between $800 and $1700 per pound. (R. 18.) Employing the $800 per pound rate, the ALJ calculated a net monthly revenue of $4,480 for March, April and May of 2017. (*Id.*) Plaintiff does not dispute the monthly income calculated by the ALJ, and he does not challenge the ALJ's finding that his revenue in 2016 was similar to 2015 and 2017. (R. 19.)

Pursuant to Defendant's regulations, a claimant will be found not disabled at step 1 of the sequential evaluation process if the record establishes that the claimant has engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Claimants are advised: "If you are working and the work you are doing is substantial gainful activity, we will find that you are not disabled regardless of your medical condition or your age, education, and work experience." *Id.* § 404.1520(b). The regulations define "substantial" activity as "work activity that involves doing significant physical or mental activities." *Id.* § 404.1572(a). Work "may be substantial even if it is done on a part-time basis."[2] *Id.* Work is "gainful" if it is performed for pay or profit. *Id.* § 404.1572(b). The amount of time

---

[2] The same is true of part-time, seasonal work. *See*, *e.g.*, *Oaks v. Astrue*, No. 5:10CV2054, 2012 WL 646152, at *10 (N.D. Ohio Jan. 17, 2012), *report and recommendation adopted sub nom. Oaks v. Comm'r of Soc. Sec.*, No. 5:10-cv-2054, 2012 WL 646211 (N.D. Ohio Feb. 28, 2012) (part-time, seasonal lawnmowing at a golf course).

2

devoted to the work activity is not controlling; the regulations require the adjudicator to determine whether the work was substantial and gainful. *Id.* § 404.1573(e). A claimant is more likely to be found to have performed substantial gainful activity if the claimant's work activity entails "experience, skill, supervision, and responsibilities, or contributes substantially to the operation of a business." *Id.* § 404.1573(a).

The regulations distinguish between self-employed work activity and work for wages. *Compare id.* § 404.1574 *and* 404.1575. If a claimant is self-employed, such as Plaintiff, Defendant "will consider [the claimant's] activities and their value to [the] business to decide whether [the claimant has] engaged in substantial gainful activity." 20 C.F.R. § 404.1575(a)(2). The relevant regulation provides that Defendant "will not consider … income alone because the amount of income … may depend on a number of factors," i.e., factors other than substantial activity. *Id.* The regulations contemplate a three-test assessment, provided, however, that two of the tests are unnecessary if the first test resolves the issue. *Id.*

> The tests are as follows:
>
> (i) Test one: You have engaged in substantial gainful activity if you render services that are significant to the operation of the business and receive a substantial income from the business. Paragraphs (b) and (c) of this section explain what we mean by significant services and substantial income for purposes of this test.
>
> (ii) Test Two: You have engaged in substantial gainful activity if your work activity, in terms of factors such as hours, skills, energy output, efficiency, duties, and responsibilities, is comparable to that of unimpaired individuals in your community who are in the same or similar businesses as their means of livelihood.
>
> (iii) Test Three: You have engaged in substantial gainful activity if your work activity, although not comparable to that of unimpaired individuals, is clearly

worth the amount shown in § 404.1574(b)(2) when considered in terms of its value to the business, or when compared to the salary that an owner would pay to an employee to do the work you are doing.

*Id.* Paragraphs (b) and (c), referred to in the first test, explain that if the claimant is not a "farm landlord" and "operate[s] a business by [him]self, any services that [he] render[s] are significant to the business." *Id.* 404.1575(b)(1). Additionally, net income less certain special expenses (not applicable in this case) is substantial for social security purposes if, when averaged, it exceeds an amount determined in the regulations. *Id.* § 404.1575(c) (referring to §§ 404.1574a, 404.1574(b)).[3]

**Standard of Review**

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS,* 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

---

[3] Pursuant to 20 C.F.R. § 404.1574a, Defendant will average income over the period of work activity. Here, Defendant averaged Plaintiff's income for the three-month period in which he fished. Plaintiff has not challenged this approach. See also *Titles II and XVI: Averaging of Earnings in Determining Whether Work is Substantial Gainful Activity*, Social Security Ruling 83-35 (1983).

4

**Discussion**

The record establishes that for March, April and May Plaintiff's income exceeded the regulatory threshold for substantial gainful activity. In addition, because Plaintiff performed the necessary work himself, his activity was "significant to the operation of the business" and, therefore, is presumptively "substantial" pursuant to 20 C.F.R. § 404.1575(a)(2)(i).

Plaintiff argues that his work activity was not in fact "substantial." Plaintiff contends that fishing for 16.8 pounds of elvers does not require "significant mental and physical activities" because all he did was dip a net in the water and retrieve elvers. (Statement of Errors at 5, citing 20 C.F.R. § 404.1572). Plaintiff argues his income is merely a consequence of his license; that the revenue is generated by his license and market conditions more than his effort. (*Id.*) Plaintiff contends his income is generated similar to the way income is derived from passive investment in equipment or stock. (*Id.* at 8.) Plaintiff thus argues the ALJ erred because she "failed to analyze whether the income received represented the value of the Plaintiff's efforts" and, in particular, should have appreciated that "[t]he money paid for elvers has nothing to do with the effort required to catch them." (*Id.* at 7.)

Social Security Ruling 83-34 (S.S.A. 1983), entitled, *Titles II and XVI: Determining Whether Work is Substantial Gainful Activity–Self-Employed Persons*, advises that "[s]elf-employment income alone is not a reliable factor in determining SGA, since it is influenced not only by the individual's services but also by such things as market conditions, capital investments, the services of other people, and agreements on distribution of profits." *Id.*,

1983 WL 31256, at *1. "Hence, it is necessary to consider economic value of the individual's services, regardless of whether an immediate income results from such services." *Id.* On the specific topic of "test one," Ruling 83-34 explains that an individual in a "one-person business operation[]" necessarily performs "significant" services. *Id.* at *2. Under the Ruling, as with the regulations, Plaintiff would be considered a person who performs substantial services.

Plaintiff, however, argues the ALJ erred because she did not engage in the analysis required by the Eleventh Circuit in *Johnson v. Sullivan*, 929 F.2d 596 (11th Cir. 1991) (per curiam). In *Johnson*, the claimant worked as a registered land surveyor before experiencing certain complications of vascular disease, including the loss of a leg. Although the resulting limitations prevented the claimant from performing the full range of activities necessary to his self-employed occupation, the claimant's wife and son assumed many of the duties he could not perform, and he "was relegated to drawing maps and signing plats made by his son." *Id.* at 597. The Eleventh Circuit held that the claimant had not rebutted the presumption that his income (residual profits that exceeded the regulatory threshold) reflected his performance of substantial gainful activity. *Id.* at 598. After considering a number of factors, the court concluded: "Claimant's credentials as a licensed surveyor were required by law for the operation of the company and thus his presence was essential to the business." *Id*. Plaintiff contends the ALJ erred because she did not consider the significance of the license, which Plaintiff maintains is essential to the business rather than any skill or particular expertise he contributes.

In this case, as the ALJ in *Johnson* did, the ALJ assessed the relevant factors and

6

did not simply rely on the income level in determining whether Plaintiff had engaged in substantial gainful activity for the years 2015, 2016, and 2017. The record establishes that Plaintiff had been elver fishing since 1989 (R. 46), and that the process and mechanics of elver fishing require a certain level of effort, knowledge and experience. The ALJ's determination is supported by substantial evidence on the record, and Plaintiff'contention that the income is merely the product of his good fortune to secure an elver fishing license is unpersuasive.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court affirm the administrative decision.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 6th day of February, 2019.